UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 28, 2015

Faith Evans-Barnes
2511 McCullogh Street
Baltimore, Maryland 21217

Gabriel Deadwyler
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

   RE: *Faith M. Evans-Barnes v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-294

Dear Ms. Evans-Barnes and Counsel:

  On February 2, 2015, Plaintiff Faith M. Evans-Barnes, who proceeds *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's motion for summary judgment and Ms. Evans-Barnes's letter response. (ECF Nos. 18, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Ms. Evans-Barnes filed a claim for Supplemental Security Income on August 16, 2011, originally alleging disability beginning August 1, 2011.[1] (Tr. 144-50). Her claim was denied initially and on reconsideration. (Tr. 70-73, 77-79). A hearing was held on September 13, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 27-50). Following the hearing, the ALJ determined that Ms. Evans-Barnes was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-26). The Appeals Council denied Ms. Evans-Barnes's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

---

[1] Before the hearing, Ms. Evans-Barnes's representative acknowledged that her onset date would need to be amended until April, 2012, since she continued to work until that time. (Tr. 200). The record does not reflect that formal amendment ever occurred.

The ALJ found that Ms. Evans-Barnes suffered from the severe impairments of lumbar degenerative disc disease, sciatica, back sprain, right hip degenerative disc disease, diabetes mellitus and obesity. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Evans-Barnes retained the residual functional capacity ("RFC") to "perform the full range of sedentary work as defined in 20 CFR 416.967(a)." (Tr. 17). Thus, the ALJ applied Medical-Vocational Rule 201.21, and determined that Ms. Evans-Barnes was not disabled. (Tr. 21).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Evans-Barnes's favor at step one and determined that she had not engaged in substantial gainful activity since her proposed amended alleged onset date of April, 2012. (Tr. 19); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Evans-Barnes claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Ms. Evans-Barnes's alleged impairments were severe. (Tr. 13). The ALJ further determined that Ms. Evans-Barnes's anemia, hypercholesterolemia, fibroid uterine, menometrorrhagia, ovarian cyst, tendonitis, hypertension, heel spur, and plantar fasciitis were non-severe. (Tr. 14). The ALJ also engaged in an assessment of Ms. Evans-Barnes's depression and found it to be non-severe, after application of the appropriate special technique for assessing mental health impairments. (Tr. 14-15). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Evans-Barnes's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 16-17). The ALJ considered the specific requirements of Listing 1.02, which pertains to degenerative joint disease of the right hip, Listing 1.04, which pertains to back impairments, and Listing 9.00B.5, which governs complications of diabetes. (Tr. 16-17). The ALJ provided adequate explanation of his evaluation of the listings, citing to appropriate medical evidence. *Id.* The ALJ further evaluated Ms. Evans-Barnes's obesity and determined that it did not meet or equal a listing because Ms. Evans-Barnes does not suffer an inability to ambulate effectively and does not have significant obesity-related pulmonary or cardiovascular issues. (Tr. 17). I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Evans-Barnes's RFC, the ALJ summarized her subjective complaints that she was prevented from working by back pain and the combination of her other impairments. (Tr. 17-18). However, the ALJ determined that Ms. Evans-Barnes's subjective complaints were not entirely credible. (Tr. 18). The ALJ cited to Ms. Evans-Barnes's "functional" activities of daily living, which include caring for her grandchildren, living in a

second-floor walkup apartment, using public transportation, and taking clothes to the Laundromat. (Tr. 18). The ALJ further reviewed and cited medical evidence suggesting only mildly elevated blood sugar levels despite not taking insulin, relatively mild objective findings on diagnostic imaging of the spine, and mild findings on a number of physical examinations, including an October 22, 2013 consultative examination which found Ms. Evans-Barnes to be "morbidly obese otherwise normal examination." (Tr. 19, 371). The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting each of Ms. Evans-Barnes's complaints.

In assessing Ms. Evans-Barnes's RFC, the ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "moderate weight" to the opinion of State Agency medical consultant Dr. Weisberg, who found no severe physical impairments. (Tr. 19). The ALJ explained that evidence developed after Dr. Weisberg's assessment supported findings of some severe impairments, despite her "unremarkable" physical examinations. *Id.* The ALJ also assigned "moderate weight" to the opinion of the State Agency medical consultant on reconsideration, Dr. Hartman. (Tr. 19-20). The ALJ agreed with Dr. Hartman's finding that Ms. Evans-Barnes's back and hip impairments and diabetes constituted severe impairments, but disagreed that her hypertension would have more than minimal impact on her ability to work. *Id.* The ALJ also assessed Ms. Evans-Barnes to have a more limited RFC than that recommended by Dr. Hartman, who felt that she was capable of a reduced range of light work. *Id.* The ALJ explained that the evidence of record, including Ms. Evans-Barnes's unsuccessful work attempt in 2013, supported a more restrictive RFC of the full range of sedentary work. *Id.*

The ALJ supported his determination that the opinion of the State Agency psychological consultant, Dr. Perrott, was entitled to "great weight." (Tr. 20-21). The ALJ described the record evidence that led him to concur with Dr. Perrott's assessment that Ms. Evans-Barnes's affective disorder was nonsevere. *Id.*

Finally, the ALJ afforded "little weight" to the opinion of an examining physician, Dr. Perez-Mera. (Tr. 20). The ALJ noted that Dr. Perez-Mera was not a treating physician, that his examination findings were inconsistent with other examinations, and that he issued conflicting opinions about Ms. Evans-Barnes's functional capacities on the same date. *Id.* Accordingly, the ALJ supported his assignment of weight with substantial evidence.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Evans-Barnes's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment and giving her the benefit of the doubt, Ms. Evans-Barnes was unable to perform her past relevant work as a childcare provider. (Tr. 21). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Evans-Barnes's age and level of education on her ability to adjust to new work. (Tr. 21). Relying on the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that pursuant to Grid Rule 201.21, a younger individual with at least a high school education and a sedentary RFC, whether or not possessing transferrable job skills, is not disabled *per se*. (Tr. 21). I find that the ALJ's determination was supported by substantial evidence.[2]

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge

---

[2] In her letter response, Ms. Evans-Barnes suggests that she might be entitled to benefits from an ex-husband. That determination is not properly presented to this Court, which can consider only the appeal of the denial of her own application for benefits.